IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Criminal Action No. **10-cr-00587-JLK**

**BELA GECZY,**

    Movant/Defendant,

v.

**THE PEOPLE OF THE STATE OF COLORADO,**

    Respondent/Plaintiff.

---

## ORDER FOR SUMMARY REMAND
---

Kane, J.

This matter is currently before me on Movant/Defendant's Notice of Removal Pursuant to 28 U.S.C. § 1446 (doc. 1).  Movant/Defendant seeks to remove Case Number 10-CR-758 from the County District Court of Boulder County, Colorado pursuant to 28 U.S.C. § 1446.  Movant Defendant alleges that each of the twelve counts with which he is charged in the Boulder County District Court could have been the subject of a Federal Criminal Indictment.  Most pertinently, Movant/Defendant's argues that his potential prosecution for these crimes in the United States District Court for the District of Colorado after the conclusion of the Boulder County District Court case could raise Double Jeopardy considerations.

These concerns aside, Movant/Defendant fails to state any statutory authority for removal. Section 1446 merely provides the procedures that are applicable in removal actions; it does not provide grounds for removal.  *Miller v. Lambeth*, 443 F.3d 757, 760 (10th Cir. 2006).

Movant/Defendant has failed to establish that he is an officer or agent of the United States being prosecuted for acts taken under color of that office, *see* 28 U.S.C. § 1442(a) and 28 U.S.C. § 1443(2); a member of the armed forces being prosecuted for an act done under color of his office or status, *see* 28. U.S.C. § 1442a; or a person denied a right arising under a federal law providing for specific civil rights stated in terms of racial equality, 28 U.S.C. § 1443(1). Movant/Defendant's vague Fifth Amendment claims notwithstanding, "[a] state court defendant's claim that 'prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination' is insufficient for removal. *Colorado v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990) (quoting *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)).

Because § 1446 does not itself create a right of removal, and because Plaintiff has failed to otherwise state grounds for removal, I find that it "clearly appears on the face of the notice and the exhibits annexed thereto that removal should not be permitted."[1]  28 U.S.C. § 1446(c)(4).  It is therefore ORDERED that this case is REMANDED summarily to the state court.


Dated: November 23, 2010                          BY THE COURT:

                                                  */s/John L. Kane*
                                                  Senior U.S. District Judge

---

[1] I need not address whether Defendant/Movant has established good cause for his failure to comply with the thirty-day window for removal provided for by 28 U.S.C. § 1446(c)(1).